UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No._____

PAOLA RIJO,

       Plaintiff,

v.

FIRSTSERVICE RESIDENTIAL, INC.,

       Defendant.

_____

## COMPLAINT

Plaintiff, ("Plaintiff"), sues the Defendant, ("Defendant"), and alleges as follows:

### NATURE OF ACTION

1.  This action involves the application of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA").

### JURISDICTION AND VENUE

2.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(3) and (4) and 28 U.S.C. §2617.

3.  Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because Defendant has its principal place of business within the district, reside in the judicial district and because the employment records of Plaintiff are stored or have been administered, in **Broward County**.

### PARTIES

4.  At all times material, Plaintiff was and is a resident of Miami-Dade County, Florida.



www.saenzanderson.com

1

5. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

6. At all times material, Defendant is a foreign corporation doing business in Broward County, Florida. Defendant has its corporate headquarters in **Broward County,** Florida.

7. At all times material, Defendant was an "employer" as defined by 29 U.S.C.§ 2611(4).

## GENERAL ALLEGATIONS

8. At all times material, Plaintiff was employed by Defendant as a receptionist/ receiver until her wrongful termination on or about June 3, 2020.

9. Defendant is a property management company doing business all throughout Florida. Plaintiff worked as a receptionist/ receiver at one of the multiple condominiums managed by Defendant.

10. Plaintiff performed her work admirably and was revered by her colleagues with whom she worked.

11. On or before May of 2020, Plaintiff learned that she was pregnant, but unfortunately subject to a "high-risk" pregnancy.

12. Being pregnant and being subject to a "high-risk" pregnancy are both serious medical conditions under the FMLA.

13. Plaintiff communicated Defendant of her pregnancy and of her "high-risk" pregnancy.

14. Plaintiff also communicated to Defendant that she was going to give birth approximately in July or August of 2020.



15. At all times relevant, Plaintiff took approved time off to go see her doctors and for regular check-ups related to her "high-risk" pregnancy.

16. On or about June 1, 2020, Plaintiff had to go to the emergency room for treatment due to a condition related to her "high-risk" pregnancy.

17. Plaintiff communicated Defendant of her visit to the emergency room and advised Defendant that she was going to go back to work as soon as her doctors allowed her to do so.

18. On or about June 3, 2020, Plaintiff went back to work. However, and to her surprise, Defendant did not allow her to work and terminated her employment.

## COUNT I: INTERFERENCE WITH FMLA RIGHTS

19. Plaintiff repeats and re-alleges paragraphs 1-18 as if fully stated herein.

20. At all times relevant, Plaintiff was an "eligible employee" and entitled to leave under the FMLA.

21. At all times material, Plaintiff gave proper notice to Defendant by informing DEFENDANT of his medical condition.

22. Plaintiff provided enough information for Defendant to know that her potential leave may be covered by FMLA.

23. Specifically, Defendant knew that Plaintiff was going to need intermittent leave to go see her doctors for check-ups related to her pregnancy and Defendant knew that Plaintiff was going to need leave at or around the time Plaintiff gave birth to her beautiful baby. Defendant knew the foregoing because Plaintiff told Defendant.

24. Defendant was aware of Plaintiff's need for FMLA leave.



www.saenzanderson.com

3

25. Despite its knowledge of Plaintiff's serious medical condition and need for FMLA leave, Defendant failed to notify Plaintiff of her eligibility status and rights under the FMLA and failed to notify Plaintiff whether her leave was or could be designated as FMLA leave.

26. Instead of informing Plaintiff of her rights, Defendant terminated Plaintiff.

27. Defendant interfered with Plaintiff's rights to take leave under the FMLA and denied her the benefits to which she was entitled.

28. Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FMLA;

b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award Plaintiff liquidated damages based on Defendant's conduct;

d. Award Plaintiff prejudgment interest on her damages award;

e. Award Plaintiff reasonable costs and attorney's fees;

f. Award Plaintiff any further relief pursuant to the FMLA; and,

g. Grant Plaintiff such other and further relief as this court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

## COUNT II: FMLA RETALIATION

29. Gonzalez repeats and re-alleges paragraphs 1-18 as if fully stated herein.



30. Defendant terminated Plaintiff when it learned that Plaintiff had a serious medical condition that required intermittent leave and when it learned that Plaintiff was going to give birth (and therefore need FMLA leave) to her beautiful baby.

31. Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for having engaged in a protected activity.

32. Plaintiff's request for right and protection under the FMLA was a direct and proximate cause of her termination.

33. As a direct and proximate result of the intentional violations by Defendant under the FMLA, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FMLA;

b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award Plaintiff compensatory damages under the FMLA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

d. Award Plaintiff liquidated damages;

e. Reinstatement;

f. Award Plaintiff prejudgment interest on her damages award;

g. Award Plaintiff reasonable costs and attorney's fees; and

h. Grant Plaintiff such other and further relief as this court deems equitable and just.



www.saenzanderson.com

5

**JURY TRIAL DEMAND**

Plaintiff requests a trial by jury on all issues so triable.

Dated: November 5, 2020.

                By: /s/Tanesha Blye
                Tanesha Blye, Esquire
                Fla. Bar No.: 0738158
                Email: tblye@saenzanderson.com
                Aron Smukler, Esquire
                Fla. Bar No.: 297779
                R. Martin Saenz, Esquire
                Fla. Bar No.: 0640166
                Email: msaenz@saenzanderson.com

                SAENZ & ANDERSON, PLLC
                20900 NE 30th Avenue, Ste. 800
                Aventura, Florida 33180
                Telephone: (305) 503-5131
                Facsimile: (888) 270-5549
                *Counsel for Plaintiff*



www.saenzanderson.com